UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AFLAC INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1120** |
| **HOOFKIN ET AL** | **SECTION "L" (4)** |

## ORDER& REASONS

Before the Court is Defendant in Interpleader Sheila Hoofkin's Motion for Summary Judgment. R. Doc. 13. No opposition has been filed by any other party. After considering the motion and applicable law, the Court now rules as follows.

I.   BACKGROUND

This case arises out of a life insurance policy dispute relating to a policy issued by Complainant AFLAC Insurance Company ("AFLAC") to Jerome Hoofkin on March 13, 2023. R. Doc. 1-1 at 3. Jerome Hoofkin passed away on July 6, 2022. *Id.* AFLAC filed the instant suit seeking Interpleader and Declaratory Relief related to the policy, Policy No. P0D185H2, valued at $100,000. *Id.* at 2. AFLAC represents that on November 30, 2016, it received a request to remove Mr. Hoofkin's named beneficiary, his spouse Sheila Hoofkin, as the spouse on the policy, and pursuant to that request, that change took effect on December 1, 2016. *Id.* at 3. According to AFLAC, no replacement beneficiary was provided at that time. *Id.* After his death, Mr. Hoofkin's daughter, Shy'Janae Hoofkin, submitted a signed Beneficiary Form to AFLAC alleging that, as his daughter, she is the sole beneficiary of the policy and is thus entitled to the policy's proceeds of $100,000. *Id.* at 3-4. AFLAC has deposited that sum into the registry of the court. R. Doc. 5. Given the dispute between the rightful beneficiary, AFLAC seeks that Defendants Sheila and

1

Shy'Janae be required to interplead and settle amongst themselves the rights to the proceeds. R. Doc. 1-1 at 4.

On May 5, 2023 a summons was issued to Shy'Janae Hoofkin but there is no record of the summons being returned executed. *See* R. Doc. 11. Shy'Janae has not appeared in this matter and has no counsel listed in the docket. There is no record of a summons issued to Sheila, however on September 11, 2023, Sheila Hoofkin filed an Answer contesting that Shy'Janae is the sole beneficiary. R. Doc. 12. Shortly after, on October 23, 2023, Sheila filed a Motion for Summary Judgment in which she argues that, pursuant to information obtained from AFLAC through written discovery, AFLAC did not receive a "Written Request" to change the named beneficiary as required its policies, and therefore the alleged removal of Sheila as a beneficiary was never effective. R. Doc. 13 at 4-5. Sheila then filed a motion for leave to supplement the Motion for Summary Judgment with "the original service of process, by certified mail, return receipt upon Shy'Janae Hoofkin from AFLAC and Jerome Hoofkin's original application showing Sheila Hoofkin as the beneficiary of the policy." R. Doc. 15 at 1-2. Sheila also entered into the record an Affidavit of Service for the Motion for Summary Judgment, demonstrating that Shy'Janae has been served with the Motion for Summary Judgment as well as Sheila's Motion to Supplement. R. Doc. 16.

To date, there has been no further involvement by AFLAC following its deposit of the funds into the court's registry, and there continues to be no involvement by Shy'Janae to any extent.

## II. PRESENT MOTION

Defendant in Interpleader Sheila Hoofkin filed a Motion for Summary Judgment, arguing that pursuant to written discovery responses from AFLAC, the evidence shows no "Written

Request" to change the beneficiary, as required by AFLAC policy, and therefore the alleged November 30, 2016 request to remove Sheila from the policy is ineffective. R. Doc. 13 at 3-5. Sheila points to the policy language itself, which requires a "Written Request" be submitted to AFLAC if the policyholder wishes to change a beneficiary. *Id.* at 4. Sheila then points to AFLAC's response to a Request for Production seeking "any change of beneficiary form," which stated "In response, while AFLAC is in possession of a call log from decedent, Jerome Hoofkin, requesting that the beneficiary on the policy be changed from Sheila Hoofkin, he did not provide the name of a replacement beneficiary. Further responding, AFLAC is not in possession of a written change of beneficiary form." *Id.* Sheila argues that under Louisiana law, a life insurance policy represents an entire contract between the parties and when contract terms are clear and unambiguous, it must be given effect. *Id.* at 5 (first quoting La. R.S. 22:931(A)(3); then quoting *Commercial Life Insurance Company v. Robinson*, 662 So. 2d 486, 490 (La. App. 5 Cir. 1995)).

Sheila then filed a motion for leave to supplement the above motion, seeking to include as exhibits to the motion (1) the certified mail receipt confirming service upon Shy'Janae as to the motion, and (2) Jerome Hoofkin's policy application naming Sheila as the beneficiary. R. Doc. 15.

Neither AFLAC nor Shy'Janae have filed an opposition to the motion for summary judgment, though as explained above, Shy'Janae has not appeared in any capacity in this suit.

### III.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). If the nonmovant fails to respond to the motion, a court may not "enter a 'default' summary judgment" for the movant, however a court is permitted "to accept [movant's] evidence as undisputed." *Preston v. Hertz Corp.*, 2003 WL 22938921, at *1 (N.D. Tex. Nov. 26, 2003); *Thorn v. RaceTrac Petroleum Inc.*, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) ("After [plaintiff] failed to file a timely response, the district court was entitled to accept as undisputed the facts offered in support of [defendant's] summary-judgment motion.").

Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). "The parties' intent, as reflected by the words of the policy, determine the extent of coverage." *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1183 (La. 1994). "Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Ledbetter v. Concord Gen. Corp.*, 665 So.2d 1166, 1169 (La. 1996). When courts are called to determine the beneficiary of a life insurance policy specifically, they must "give legal effect to the policy contract and its terms according to the true intent of the parties," intent which is "to be determined by the words of the contract, unless they are unclear, ambiguous, or will lead to absurd consequences." *Joseph v. Joseph*, 537 So. 2d 863, 865 (La. App. 5 Cir. 1989).

## IV.   DISCUSSION

Under the terms of the policy at issue in this case, AFLAC required any change in named beneficiary to be done via a written request, and AFLAC has no record of a written request removing Sheila Hoofkin as the named beneficiary. There has been no response in opposition to summary judgment filed by either AFLAC or Shy'Janae. The Court, therefore, considers the facts in the motion undisputed. *See Thorn*, 2022 WL 965095, at *1.

The contract at issue, the life insurance policy for decedent Jerome Hoofkin, required any change in beneficiary be submitted in writing. AFLAC has admitted in its discovery responses that no such written request exists in its possession. Accordingly, the Court finds that the removal of Sheila as a beneficiary was not effective based solely upon a call log, as the contract between the parties required a written request. Absent evidence to show such change, Sheila remains the beneficiary to this policy.

Accordingly, for the foregoing reasons, Sheila's Motion to Supplement the Summary Judgment Motion, R. Doc. 15, and Sheila's Motion for Summary Judgment, R. Doc. 13, are **GRANTED**.  The Court will order disbursement of funds upon the filing of a proper motion in accordance with Local Rule 67.3.

New Orleans, Louisiana, this 15th day of December, 2023.

_____
United States District Judge